**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:21-CR-0016 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROYELL HILL-PRICE | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Following a two-day bench trial in this case, the court rendered a verdict on December 20, 2022, finding Defendant Troyell Hill-Price ("Hill-Price") not guilty on Counts 1, 2, and 3, and guilty on Counts 4, 5, and 6 of the indictment. Prior to the court retiring to deliberate, Hill-Price requested that the court make specific findings of fact in accordance with Federal Rule of Criminal Procedure 23(c). While rendering its verdict, the court stated legal conclusions as to each element of each count on the record. As to the specific factual findings, the court indicated that it would issue a written opinion. Accordingly, this memorandum follows detailing the court's specific factual findings pursuant to Rule 23(c).

FINDINGS OF FACT[1]

## A. Count 4 – Possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1)

The court found Hill-Price guilty of Count 4, possession with intent to distribute a controlled substance, which required the Government to prove each of the following elements beyond a reasonable doubt: (1) that Hill-Price possessed a mixture or substance containing a controlled substance; (2) that Hill-Price possessed the controlled substance knowingly or intentionally; (3) that Hill-Price intended to distribute the controlled substance; and (4) that the controlled substance was cocaine base, i.e. crack cocaine.[2] THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS 6.21.841A.

As to the first element, Hill-Price was at the residence on August 3, 2020 when law enforcement executed a search warrant at 97 Disbrow Street in Harrisburg, Pennsylvania. Officers searched Hill-Price and located a knotted baggie containing crack cocaine on his person. Officers also located loose crack cocaine on the floor at Hill-Price's feet. They also located loose rocks of crack cocaine of various sizes on the floor near the high-top table in the living room. Finally, officers located a Nike fanny pack containing approximately an "eight-

---

[1] Because the court found Hill-Price not guilty of Counts 1, 2, and 3, it is not necessary to make specific factual findings as to these counts.

[2] In rendering a verdict and making these specific factual findings, the court relied on the Third Circuit Model Jury Instructions for each offense.

ball" of crack cocaine and small loose rocks inside a box in the mudroom of the

residence.  Hill-Price told officers that he was staying at the residence and was

using a bedroom on the second floor.  He also told Detective Ishman that he sells

crack cocaine and will continue to do so, and that all illegal items in the residence

were his.  Thus, based on these factual findings, the court concluded that the

Government proved beyond a reasonable doubt that Hill-Price possessed a mixture

or substance containing a controlled substance.

For the second element, Hill-Price's own statements established that he

possessed the controlled substance knowingly or intentionally.  During the

execution of the search warrant, he made several admissions regarding selling

crack cocaine and stated that he will always sell crack cocaine.  Accordingly, the

Government proved beyond a reasonable doubt that Hill-Price possessed the

controlled substance knowingly or intentionally.

Third, regarding Hill-Price's intent to distribute the controlled substance,

in addition to the admissions regarding selling crack cocaine, there were several

pieces of evidence located in the home that established Hill-Price's intention to

distribute crack cocaine.  Two digital scales were recovered from the living room

area, and one had white residue on it.  A Pyrex measuring cup and knife with white

residue were collected from the same box in the mudroom that contained the Nike

fanny pack holding crack cocaine.  And, $20,349 in cash was located in a white

drawstring bag in the living room closet.  Further, while it was unclear whether 97

Disbrow Street was Hill-Price's full-time residence, the evidence established that

Hill-Price lived there and that, by his own statements, his bedroom was on the

second floor in the rear of the house.  Officers located a glass blender containing a

white residue from Hill-Price's bedroom closet along with a box of small plastic

baggies and inositol powder, which is a common cutting agent used to make crack

cocaine.  Officer also found a firearm underneath Hill-Price's bed and a second

firearm in the same box with the Nike fanny pack and Pyrex measuring cup and

knife.  There were no items found in the residence used to ingest crack cocaine.

Based on the testimony of Trooper Shawn Wolfe, who was admitted as an

expert in street-level drug trafficking, the items found in the residence are

consistent with distribution of crack cocaine rather than personal use.  These items

and admissions, taken together, established that the Government proved beyond a

reasonable doubt that Hill-Price intended to distribute the controlled substance.

Finally, addressing whether the controlled substance was cocaine base, i.e.

crack cocaine, the testimony of Kristina Cramp, who was admitted as an expert in

controlled substance identification, established that of the substances collected

from 97 Disbrow Street, 22.72 grams of those substances were cocaine base.

Accordingly, the Government has proven beyond a reasonable doubt that the

controlled substance was cocaine base.  Additionally, as stated previously on the record, the court found that the quantity of cocaine base was less than 28 grams.

## B.  Count 5 – Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)

The court found Hill-Price guilty on Count 5, possession of a firearm in furtherance of a drug trafficking crime, which required the Government to prove each of the following elements beyond a reasonable doubt: (1) that Hill-Price committed the crime of possession with intent to distribute a controlled substance as charged in Count 4 of the indictment; and (2) that Hill-Price knowingly possessed a firearm in furtherance of possession with intent to distribute a controlled substance.  THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTION § 6.18.924B.

As to the first element, the court found Hill-Price guilty of Count 4.  Thus, the Government proved that element beyond a reasonable doubt.  Moving to the second element, because the court made legal conclusions on the record regarding each firearm, it will make separate factual findings for each firearm here.

The H&R Arms Company double-action revolver, model: Young American Double Action, caliber .22, Serial number: 479044, was located under the bed in the bedroom used by Hill-Price.  Additionally, Hill-Price admitted during a recorded prison call that he took possession of the revolver from a young man

named "Tarzan."  Thus, the court found that the Government proved beyond a reasonable doubt that Hill-Price possessed this revolver.

Turning to the "in furtherance" aspect of the second element with respect to the revolver, the evidence did not establish that Hill-Price possessed the revolver in furtherance of drug trafficking.  To the contrary, the evidence established that: the revolver was not easily accessible; it was likely manufactured prior to 1960 and may not have been operable; it was unloaded and no ammunition that could be used with the revolver was found in the residence; and it was not located near the controlled substances or the drawstring bag containing cash that was recovered from the home.  Accordingly, the Government did not prove beyond a reasonable doubt that Hill-Price possessed the revolver in furtherance of the drug trafficking crime at Count 4.

The Glock semiautomatic pistol, model: 42, .380 Auto, serial number: ACKM242, was located in the mudroom in the same box with the Nike fanny pack containing a controlled substance.  Officer Matthew Gallup's testimony established that the box was easily accessible, only requiring a person to step into the mudroom and reach into the box to take possession of the Glock.  Although others could also access the Glock, Hill-Price had the ability to take actual possession of the firearm when he wanted to do so.  Significantly, the Glock was located in a box

underneath the Nike fanny pack containing crack cocaine, which Hill-Price admittedly possessed.

Further, during several recorded phone calls from prison, Hill-Price can be heard asking other individuals to claim ownership of the firearms. The collection of statements made by Hill-Price proved that he had knowledge that both firearms were in the residence. His statements during the recorded calls also showed consciousness of guilt regarding his possession of the firearms, particularly the Glock. In addition, Hill-Price told officers during the search on August 3, 2020, that everything illegal in the residence was his without asserting that the Glock was not his, even though the officers showed him the Glock after it was seized. To be clear, the precise sequence of events during the search was not clearly established at trial. So, the court does not find that Hill-Price stated that all illegal items in the residence belonged to him <u>after</u> he was shown the Glock. However, he made the statement and was shown the Glock in some sequence, and there was no evidence presented at trial that he disavowed possession of the Glock in his various statements to law enforcement on August 3, 2020. Accordingly, the Government proved beyond a reasonable doubt that Hill-Price possessed the Glock.[3]

---

[3] The parties vigorously litigated whether Hill-Price said "put it on my tab" after law enforcement showed him the Glock recovered from the box in the mudroom. Without finding that Hill-Price made this statement, the court assigns no weight to this evidence because it appears to be a sarcastic comment rather than an admission in context. Even disregarding this alleged statement, however, the court concluded that there was sufficient evidence to establish Hill-Price's possession of the Glock.

Looking at the "in furtherance" aspect of the second element, the evidence established that Hill-Price possessed the Glock in furtherance of drug trafficking. Specifically, the evidence established that: (1) Hill-Price was preparing crack cocaine for distribution at 97 Disbrow Street; (2) the Glock was easily accessible to Hill-Price from the first floor of the residence; (3) the Glock had an extended magazine; (4) the Glock was reported stolen; (5) the firearm was possessed illegally in that it was stolen and Hill-Price was not permitted to possess a firearm; (6) the Glock was loaded with an extended magazine; and (7) the Glock was located directly below the Nike fanny pack containing controlled substances and on the same floor as a bag containing $20,349 in cash.  For all of these reasons, the Government proved beyond a reasonable doubt that Hill-Price possessed the Glock in furtherance of a drug trafficking crime.

### C. Count 6 – Possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1)

The court found Hill-Price guilty on Count 6, possession of a firearm by a prohibited person, which required the Government to prove each of the following elements beyond a reasonable doubt: (1) that Hill-Price has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; (2) that after this conviction, Hill-Price knowingly possessed the firearms described in Count 6 of the indictment; (3) that at the time Hill-Price possessed the firearm, Hill-Price knew of the previous conviction and knew that it was for a

crime punishable by imprisonment for a term exceeding one year; and (4) that Hill-Price's possession was in or affecting interstate or foreign commerce.  THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTION § 6.18.922G.

The parties entered the following stipulation, which was docketed and admitted during trial, that satisfied the first and third elements of Count 6:

> On August 3, 2020, and thereafter, the defendant, Troyell Hill-Price, knew that he was previously convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year.  This stipulation is not an admission of guilt, but rather an agreement between the parties that the defendant was prohibited from possessing a firearm under Title 18 United States Code Section 922(g).

(Doc. 90.)  Thus, the Government proved that Hill-Price had been convicted of a felony and that at the time Hill-Price possessed the firearms, he knew of the previous conviction, and that it was for a crime punishable by imprisonment for a term exceeding one year.

As to the second element, the court relies on the factual findings in section B in concluding that the Government proved beyond a reasonable doubt that Hill-Price knowingly possessed the Glock semiautomatic pistol, model: 42, .380 Auto, serial number: ACKM242, and the H&R Arms Company double-action revolver, model: Young American Double Action, caliber .22, Serial number: 479044.

Regarding the fourth and final element, the testimony of ATF Special Agent Michael O'Donnell proved that both firearms were not manufactured in the Commonwealth of Pennsylvania and, by their presence at 97 Disbrow Street,

traveled in interstate commerce.  Accordingly, the Government proved beyond a reasonable doubt that Hill-Price's possession of the firearms was in or affecting interstate commerce.

CONCLUSION

For these reasons, and those reasons stated on the record on December 20, 2022, the court found Hill-Price not guilty of Counts 1, 2, and 3, and guilty of Counts 4, 5, and 6.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 23, 2022